FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2014 JAN 22  AM 11: 23

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLOR...

LISA THOMAS,

Plaintiff,

-vs-

NCO FINANCIAL SYSTEMS, INC.,

Defendant.

CASE NO.: 8:14 cv 159 T17 TBM

_____/

## COMPLAINT

1.      The Plaintiff, LISA THOMAS, by and through the undersigned counsel, sues the
Defendant, NCO FINANCIAL SYSTEMS, INC. (" NCO"), and in support thereof respectfully
alleges the following:

2.      Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et
seq.* ("TCPA"), the Fair Debt Collection Act, 15 U.S.C.§ 1692 *et seq.* ("FDCPA") and the Florida
Consumer Collection Practices Act, F.S. §559.72 ("FCCPA").

### JURISDICTION AND VENUE

3.      This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive
of attorney's fees and costs.

4.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 47
U.S.C. §227(b)(3), 47 U.S.C. §227(c)(5) and 15 U.S.C. § 1692 K(d).

5.      Venue is proper in this District because the acts and transactions and the alleged
violations described herein occurred in Pasco County, Florida.



## FACTUAL ALLEGATIONS

6.     Plaintiff is a natural person, and citizen of the State of Florida, residing in Pasco County, Florida.

7.     Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3), and/or an alleged "debtor" pursuant to F.S.§559.55(2) .

8.     Defendant, NCO Financial Systems, Inc., is a corporation and a citizen of the State of Pennsylvania with its principal place of business at 507 Prudential Road, Horsham, PA.

9.     Defendant is a "debt collector" as defined by 15 U.S.C §1692(a)(6).  Defendant sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt" (hereinafter the "subject debt").

10.    The debt that is the subject matter of this complaint is a "consumer debt" as defined by 15 U.S.C. §1692(a)(4).

11.    Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone and residential telephone numbers from August, 2010 through December, 2013 on back to back days, with such frequency as can reasonably be expected to harass, all in an effort to collect the subject debt.

12.    Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number (786) 985-7996, two (2) to three (3) times a day from August, 2010 to April, 2011, and on back to back days, with such frequency as can reasonably be expected to harass, all in an effort to collect the subject debt.

13.    Additionally, Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling Plaintiff's residential telephone number (863) 510-5620, two (2) to three (3) times a day from at least August, 2011 to through December, 2013, and on back to back days,

2

with such frequency as can reasonably be expected to harass, all in an effort to collect the subject debt.

14.    In approximately August, 2010, Defendant intentionally harassed and abused Plaintiff in an attempt to collect a debt by calling Plaintiff's cellular telephone number two (2) to three (3) times a day attempting to collect on a debt owed by Plaintiff's son, Darryl Thomas, who does not reside with Plaintiff.

15.    When Defendant initially contacted Plaintiff on her cellular telephone number, the calls were from "live" representatives and Plaintiff spoke with Defendant's representatives on at least ten (10) different occasions, and informed Defendant that her son, Darryl Thomas, did not reside with her and even provided NCO with her son's cellular telephone number and advised NCO to call him, to stop calling her cellular telephone number, and that she did not owe his debt.

16.    After several weeks, upon information and belief, some or all of the calls Defendant made to the Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and/or using an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "autodialer calls") as each time Plaintiff answered a call from Defendant a "robotic" voice would immediately start speaking stating, "this is NCO, please return this call to Mrs. Harris," and then leave a number to call back on. Plaintiff attempted to call back Mrs. Harris several times but when she dialed the number as instructed, a message came on that said, "Please hold, Mrs. Harris is on the other line." After waiting several minutes Plaintiff either gave up, was disconnected and/or gave up due to Defendant not picking up the line after an inordinate amount of time.

3

17.     Each of the autodialer calls the Defendant made to the Plaintiff's cellular telephone number was done so without the prior express consent of the Plaintiff.

18.     Despite informing the Defendant that she were not the person Defendant was attempting to contact and giving the Defendant the correct telephone number for her son, the autodialer calls from Defendant to Plaintiff's cellular telephone continued, approximately two (2) to three (3) times a day, from approximately from September, 2011 through April, 2012. Defendant has, or should be in possession and/or control of call logs and/or account notes that detail the exact number of all calls made to Plaintiff's cellular and residential lines over the relevant time period, including autodialer calls.

19.     In approximately April, 2012, Plaintiff discontinued her cellular telephone service on her cellular telephone number and Defendant in a continued attempt to collect her son's debt from her began calling Plaintiff's residential telephone number (863) 510-5620 one (1) to two (2) times a day from November, 2012 through December, 2013 with such frequency as can reasonably be expected to harass, all in an effort to collect the subject debt. Defendant has, or should be in possession and/or control of call logs and/or account notes that detail the exact number of calls made to Plaintiff over the relevant time period.

20.     The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to make telephone calls, without proper screening, scrubbing, or investigative methods to ensure Defendant is calling the correct telephone number, just as it did to the Plaintiff's cellular and residential telephone lines in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

21.     Despite actual knowledge of their wrongdoing, the Defendant continued its campaign of telephone abuse directed to the Plaintiff, all in an effort to collect the subject debt.

4

22. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party, to stop calling, and that they do not owe the debt attempted to be collected by Defendant.

23. Defendant's corporate policy provided no means for the Plaintiff to have her number removed from its call list, evincing an utter disregard for the privacy rights of the Plaintiff.

24. Defendant has a corporate policy to harass and abuse individuals and set up their call-back systems in a manner which makes it virtually impossible for the automated calls to stop, and thereby causing Plaintiff's telephone to ring repeatedly.

25. Defendant has harassed and abused the Plaintiff in an effort to collect the subject debt, by knowingly employing methods that did not permit the cessation of calls to Plaintiff.

26. Defendant's refusal to remove the Plaintiff's phone number from its calling list and dialing system, which included automated telephone dialing system calls and/or artificial prerecorded voice messages, has caused the Plaintiff's life to be disrupted by the repeated phone calls and has caused Plaintiff stress and frustration in trying to rectify Defendant's conduct and errors to no avail.

24. Defendant's calls and refusals to stop calling were attempts to collect the alleged debt from Plaintiff by harassment.

25. Due to Defendant's constant calls and demands for payment, Plaintiff suffered actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain and anguish and loss of the capacity to enjoy life.

26. Plaintiff's statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain and anguish and loss of the capacity to enjoy

life pursuant to 47 U.S.C. §227, Federal Statute 15 U.S.C. § 1692 and F.S. §559.77 have continued and are continuing as of the filing of this complaint.

27.     All conditions precedent to the filing of this action have occurred.

## COUNT I
### (Violation of the TCPA)

Plaintiff re-alleges paragraphs one (1) through twenty-seven (27) above and further states:

28.     None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

29.     Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant in February, 2013, that Defendant was calling the wrong number, that he did not know the subject debt, and to stop calling Plaintiff.

30.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II
### (Violation "FDCPA")

Plaintiff re-alleges paragraphs one (1) through twenty-seven (27) above and further states:

31.     The foregoing acts and omissions of the Defendant, NCO FINACIAL SYSTEMS, INC., and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, the following provisions of the FDCPA, 15 U.S.C. § 1693 et seq., with respect to Plaintiff:

> (a) The Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the alleged debt;
>
> (b) The Defendant violated 15 U.S.C. § 1692(d) by conduct, the natural consequence of which is to harass, oppress, or abuse any person;
>
> (c) The Defendant violated 15 U.S.C. § 1692(d)(5) by causing Plaintiff's phone to ring repeatedly.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violations of the FCCPA)

Plaintiff re-alleges paragraphs one (1) through twenty-seven (27) above and further states:

32.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

33.     Plaintiff is an alleged debtor as Defendant through its continued telephone calls despite knowing that it was calling the wrong telephone number and that Plaintiff was not responsible

for the alleged debt, engaged in conduct that can only be construed as alleging that Plaintiff was responsible for said debt.

34.    Defendant has violated Florida Statute §559.72(7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass the Plaintiff.

35.    Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiff.

36.    Defendant has violated Florida Statute §559.72(9) by attempting to enforce a debt when it knows that the debt is not legitimate.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees pursuant to F.S. §559.77, and any other such relief the court may deem just and proper.

Respectfully submitted,


Michael J. Vitoria, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
Tampa, FL 33602
Tele: (813) 223-5505
MVitoria@ForThePeople.com
afloyd@forthepeople.com
Florida Bar #: 0135534
Attorney for Plaintiff